**UNITED TRANSPORTATION UNION, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.**

**Civ. A. No. 85–0105.**

United States District Court,
W.D. Virginia.

March 22, 1985.

Lawrence M. Mann, Deborah E. Reiser, Alper, Mann & Reiser, Washington, D.C., Gary E. Tegenkamp, Woodward, Fox, Wooten & Hart, Roanoke, Va., for plaintiff.

Richard A. Keeney, William B. Poff, Bayard E. Harris, Woods, Rogers & Hazlegrove, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the court on the Motion for Summary Judgment filed by the defendant, Norfolk and Western Railway Company (hereafter the N & W). Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 2201. A hearing was held on February 27, 1985, at which time evidence was presented and arguments were made. The parties have submitted briefs, and the matter is now ripe for a decision by this court.

### I.

The plaintiff, United Transportation Union (hereafter UTU), is a labor organization within the meaning of the Railway Labor Act, 45 U.S.C. § 151 *et seq.* The defendant, N & W, is a carrier within the meaning of the same act. There exists between the parties a collective bargaining agreement which provides for circumstances where a run is "materially changed." The agreement defines "material change" to include instances where the terminal of a run is changed. *See* Plaintiff's Exhibit # 3, specifically Article 26(2)(d).

As of November 12, 1984, the Dismal Mine Runs working out of a home terminal at Weller Yard were unilaterally abolished by the N & W and four Dismal Mine Runs were unilaterally established to work from a new home terminal at Dismal Yard. The total distance involved in the change is about fifteen (15) miles.

The plaintiff union filed this action seeking declaratory and injunctive relief. The plaintiff contends that the actions of the defendant railroad should not be taken unilaterally, but must instead be negotiated with the plaintiff prior to cancelling one terminal and establishing another.

### II.

The issue to be decided by this court is whether the establishment of the new terminal at Dismal is a "major" or a "minor" dispute. The United States Supreme Court in *Elgin, Joliet & Eastern Railway v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945) distinguished between major and minor disputes. According to the Court, major disputes are those

over the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy. They look to the acquisition of rights claimed to have vested in the past.

*Id.* at 723, 65 S.Ct. at 1290.

Minor disputes, on the other hand, are those which contemplate

the existence of a collective agreement already concluded or, at any rate, a situation at which no effort is made to bring about a formal change in the terms or to create a new one. The dispute *relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case* ... the claim is to rights accrued, not merely to have new ones created for the future.

*Id.* (emphasis added)

■ Therefore, if the dispute related to actions arguably taken pursuant to an already existing collective bargaining agreement, it is considered a "minor" dispute.[1]

### III.

■ In the case at bar, the change in the terminals caused by the establishment of the new terminal is arguably covered by Article 26 of the existing collective bargaining agreement between the parties. The plaintiff concedes that a change from one terminal to another is a minor dispute. *See Norfolk and Portsmouth Belt Line Railroad Company v. Brotherhood of Railroad Trainmen, Lodge No. 514,* 248 F.2d 34 (4th Cir.1957). The plaintiff contends, however, that there is a distinction between a change from one terminal to another and a change from an existing terminal to a newly established one. The agreement itself makes no such distinction and, more importantly, even though such a distinction may exist, the change from an existing terminal to a newly established one is still *arguably* covered by Article 26 of the collective bargaining agreement. *See, e.g., Local 1477 United Transportation Union v. Baker,* 482 F.2d 228 (6th Cir.1973). It is also reasonable to consider the creation of a new terminal as an "omitted case" as discussed in the *Elgin* case, *supra.* Therefore, it is the holding of this court that the dispute in this case is a "minor" dispute.

■ The importance of the distinction between major and minor disputes is that minor disputes, such as the one in this case, are subject to the exclusive arbitration jurisdiction of the National Railroad Adjustment Board, 45 U.S.C. § 153. *See also, United Transportation Union v. Penn Central Transportation,* 505 F.2d 542 (3d Cir.1974). A second effect of characterizing a dispute as minor is that a party may act

unilaterally upon its interpretation of the contract pending exhaustion of the grievance procedures.

*Brotherhood of Locomotive Firemen and Enginemen v. Southern Pacific Company,* 447 F.2d 1127, 1132 (5th Cir.1971). Therefore, pending arbitration of the dispute before the adjustment board, injunctive relief to "preserve the status quo" would be inappropriate.

### IV.

Having determined that the dispute involved in this case is a "minor" dispute, the appropriate procedure is arbitration before the National Railroad Adjustment Board. Therefore, the defendant's motion for summary judgment should be GRANTED.

An appropriate order consistent with this memorandum opinion shall be entered this date. The Clerk of Court is directed to send certified copies of this opinion to counsel of record.

---

1. In the absence of an arguably applicable contract provision, the past practices of the parties becomes an important consideration. In fact, much evidence was presented by both sides tending to establish what the past practices of the parties indicated. However, it is unnecessary to consider the past practices in this case, as the court finds that there is at least arguably an applicable provision of the collective bargaining agreement.